### THOMAS CUNNINGHAM *vs.* WILLIAM R. PARKS.

On the question whether there was a warranty of quality, by the plaintiff, of a boiler sold by him to the defendant at an interview between them in the evening, adjourned from a previous interview between them in the morning of the same day, at which the defendant had examined the boiler and asked the plaintiff its price, the defendant, on cross-examination, testified that at the interview in the morning the plaintiff did not say that he would never warrant a boiler. *Held,* that evidence afterwards offered by the plaintiff that he then and there did say so, was admissible both as tending to contradict the defendant's testimony on a material point, and also as tending to show affirmatively that the allegation of a warranty was unfounded.

In an action for the price of a boiler, wherein the defence set up was a warranty of quality and agreement to remove the boiler if it should fail and to pay for all damages caused in any way by such failure, and a breach of such warranty and agreement; and wherein a verdict was returned for the full amount claimed by the plaintiff; *Held,* that no exception lies by the defendant to a ruling of the judge who presided at the trial that even if the jury should find that it was part of the contract of sale that the plaintiff should pay all damages caused by stoppage of the defendant's mill by insufficiency of the boiler, nevertheless the defendant was not entitled to damages for loss of pay to workmen or of profits of manufacture during such stoppage.

CONTRACT for the price of a steam boiler. Answer, that the plaintiff warranted the boiler to be of strength, quality and style sufficient to run machinery for one year under a steam pressure of one hundred and fifty pounds to the square inch without failing in any particular; but that it proved to be unsound and imperfect, and incapable of so running machinery; and that thereupon the defendant requested the plaintiff to remove the boiler from the defendant's premises, which he refused to do; whereby the defendant was put to great expense and damage.

At the trial in the superior court, before *Rockwell,* J., the defendant, who was owner of a woollen mill in Brimfield, testified that he went with one Winship, a boiler-maker, to the plaintiff's works at Charlestown and there examined and selected the

boiler in controversy, with Winship's advice, and, while in the plaintiff's office, ascertained from the plaintiff its price ; that he then told the plaintiff that he would make examinations at other works and meet him in Boston in the evening and see if he could make a trade with him ; that they did meet in the evening according to appointment, and at such meeting the plaintiff sold him the boiler under the warranty set forth in the answer, and agreed, as part of the bargain, that if the boiler should give out in any respect within the year he would remove it at his own expense and make the defendant good for all damages he might suffer by the stoppage of his mill, or " in any way," by reason of its insufficiency ; that the boiler twice thereafter did give out by reason of imperfect construction, and his mill was stopped five days in all by reason thereof; that the wages of his employees, which he thereby was obliged to pay and lose for five days, were fifty-five dollars per day ; that he was making seven hundred yards of cloth per day on which the net profit was ten cents per yard, which also for five days he was obliged thereby to lose ; and that he notified the plaintiff of all this and requested him to remove the boiler. The plaintiff denied all this, and offered much evidence to show that he did not warrant the boiler or make any such agreement, and that the boiler was such as he represented.

Upon cross-examination of the defendant, he was asked if, when in the plaintiff's office at Charlestown, in the forenoon of the day of the bargain, the plaintiff did not there say to him that he never did warrant a boiler and never would, and he replied that the plaintiff did not say so. To show the whole conversation in the office and to contradict the defendant the plaintiff called witnesses to show that he did say so. The judge, against the defendant's objection, admitted the evidence ; and they testified that such was the fact.

The judge instructed the jury that it was competent for the defendant to prove a warranty and its breach, in reduction of damages ; and that the sum to be recovered for the price of the article should be reduced by so much as the article was diminished in value by the non-compliance with the warranty. These

instructions were not objected to. But the defendant requested the judge to rule that he was entitled not only to such reduction, but, if the jury should find it was a part of the contract of sale of the boiler that the plaintiff should make good, in case of failure of the boiler, all damages which should occur to the defendant by reason of the stoppage of his mill thereby, then that he would be entitled to have the plaintiff's claim further reduced to the extent of the loss of pay-roll and profit, set forth in the testimony. The plaintiff objected generally to this requested ruling, and the judge refused so to rule, and ruled the contrary.

The jury returned a verdict for the plaintiff for the entire amount claimed by him; and the defendant alleged exceptions.

*G. M. Stearns & M. P. Knowlton,* for the defendant, argued that the defendant's testimony upon cross-examination was concerning immaterial matters and not open to contradiction; that the only important question was what occurred the night the contract was made, and the declarations of the plaintiff in the morning had no tendency to show what the contract really was; and, to the point that the instruction requested by the defendant on the measure of damages was correct, they cited *Snelling* v. *Lynch,* 5 Allen, 443; *Bartlett* v. *Blanchard,* 13 Gray, 429; *Fox* v. *Harding,* 7 Cush. 516; *Clifford* v. *Richardson,* 18 Verm. 620; *Waters* v. *Towers,* 8 Exch. 401; and further argued that it could not be objected that the answer of the defendant was insufficient to permit these matters being set up in reduction, as the evidence went in without objection and the plaintiff did not put his objection to the ruling asked for upon that ground; *Burnett* v. *Smith,* 4 Gray, 50; and that the verdict did not show that the jury found there was no warranty, as the imperfections in the boiler might not in any way substantially have affected the value of the boiler, and the only damages proved might have been those which were excluded from the consideration of the jury.

*C. A. Beach,* for the plaintiff.

BIGELOW, C. J. These exceptions are clearly groundless.

1. The evidence objected to was admissible. It is not true that the conversation in the morning at the plaintiff's manufac-

tory was irrelevant or immaterial. It was a part of the negotiation which led to the purchase of the boiler. It appears that the interview between the parties in the morning was not broken off, but only postponed to be renewed in the evening, so that in effect the conversation to which the defendant testified as having taken place at the hotel was only a continuation of the one on the same subject which began in the morning at the plaintiff's works. It was, therefore, competent to prove the whole of what took place between them at both interviews on the subject of the proposed purchase of the boiler by the defendant, and especially relating to a warranty of its quality and condition. This evidence not only tended to contradict the defendant in a material point, but also to show affirmatively that the allegation of a warranty was unfounded.

2. The ruling on the question of damages became wholly immaterial. The jury having found a verdict for the full contract price of the boiler, must have found either that there was no warranty or no breach. In either case no question as to the damages sustained by the defendant could have arisen.

*Exceptions overruled.*