## JOHN C. CRABTREE

### *v.*

## JAMES N. REED.

EVIDENCE—*of the degree of preponderance required.* In an action on the case, wherein it is sought to recover damages for the killing of a mule belonging to the plaintiff, it is not necessary that there shall be a " clear preponderance" of evidence in favor of the plaintiff to entitle him to recover. It is sufficient if the evidence creates probabilities in his favor—that the weight of the evidence inclines to his side.

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

The opinion states the case.

Messrs. MORRISON & EPLER, for the appellant.

Messrs. KETCHAM & ATKINS, 'for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The only question between the parties to this record was, as to the value of a mule the appellee acknowledged he had struck with a heavy stick, and which belonged to the appellant, causing its death.

The action was case, for killing the mule, and the court, on behalf of defendant, instructed the jury that the burden of proof rested upon the plaintiff, and that he was bound to maintain, by a clear preponderance of evidence, the allegations in the declaration, and that unless they find such a preponderance, they will find for the defendant. Though the defendant had admitted he struck the mule in disciplining him, he not having been broke to work, and that from the blow the mule died, he contested the fact of killing before the jury, and under the above instruction, the jury found for him.

This instruction must certainly have misled the jury. The law is not, in such a case, that there shall be a clear preponderance of evidence in favor of the plaintiff to entitle him to recover. It is sufficient, if the evidence creates probabilities in his favor—that the weight of the evidence inclines to his side.

For this error the judgment must be reversed and the cause remanded.

*Judgment reversed.*