GEORGE W. HALL *et al.*

*v.*

CATHARINE BARNES.

1. CHANGE OF VENUE—*discretionary with the court where counter petition is filed.* Granting or refusing a petition for a change of venue where there is a counter petition, is discretionary with the court, and unless the court abuses the discretion, its action is not the subject of review in the Supreme Court.

2. EVIDENCE—*order in which it may be introduced.* It is competent for the plaintiff, in an action for causing the intoxication of her husband, to testify to the fact of intoxication and damage sustained by reason thereof, before proving that the defendant caused the intoxication in whole or in part, although, in order to a recovery, she must prove the latter fact in some way, either by her own or other testimony.

3. DEGREE OF EVIDENCE—*in suit for selling to husband of plaintiff, preponderance of evidence is sufficient.* Whilst an action by a wife for causing the intoxication of her husband is a penal one, and the material allegations in the declaration must be fully proved, yet it is not necessary the evidence should exclude all reasonable doubt. It is sufficient if there is a preponderance of evidence, and this may result from circumstantial as well as from direct evidence.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Mr. T. E. MERRITT, and Mr. W. WILLARD, for the appellants.

Mr. B. B. SMITH, and Mr. M. SCHÆFFER, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellee brought this action against appellants, under the 5th section of the "Act to provide against the evils resulting from the sale of intoxicating liquors in the State of Illinois," in force July 1, 1872. Judgment was given on the verdict of the jury for appellee, for $300, to reverse which this appeal is prosecuted.

The first point argued by appellants is, the court erred in overruling their petition for a change of venue. Appellee

presented a counter petition, supported by affidavits, and it was then discretionary with the court to grant or deny the petition for the change, as to it should appear to be according to the right of the case. (R. L. 1874, p. 1094, § 4.) It does not appear the court abused this discretion, and it is, therefore, not the subject of review.

It is next insisted, the court should have excluded the entire testimony of appellee, because it is irrelevant. We do not think so. She testified to the repeated intoxication of her husband, and to the consequences resulting to her and her family therefrom, and it was competent as a basis for other evidence showing that such intoxication was caused in whole or in part by appellants. It is never required that the evidence of each witness shall go to every material point in the case. Evidence is competent which tends to prove any material point in issue, and the court may, in its discretion, permit evidence of the fact of intoxication, and its effect upon the plaintiff, by one witness, before the defendant's connection therewith is proved, and afterwards allow other evidence to be given, tending to show that the defendant caused such intoxication in whole or in part, by other witnesses. It is, undoubtedly, necessary there should be evidence connecting the defendant with the intoxication first given in evidence; but this may be given after as well as before the introduction of such evidence of intoxication, and either by the same witness or by other witnesses.

Upon the remaining point, we regard the evidence sufficient as to the loss of means of support in consequence of drunkenness, caused by appellants.

While it is true the action is penal, and the material allegations in the declaration must be fully proved, yet it is not necessary the evidence should exclude all reasonable doubt. It is sufficient if there is a preponderance of evidence, and this may result from circumstantial as well as direct evidence.

We are unable to say the finding of the jury is clearly and palpably against the weight of the evidence, and, believing there is no error in the record, the judgment must be affirmed.

*Judgment affirmed.*