OAK ISLAND HOTEL COMPANY *vs.* OAK ISLAND GROVE COMPANY.

Suffolk.   January 16, 1896. — February 26, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Breach of Contract — Evidence — Damages.*

If it appears from a bill of exceptions alleged at the trial of an action that, by a misunderstanding between the judge and the plaintiff's counsel as to the nature of certain evidence offered, the evidence was excluded, and that under a subsequent ruling the counsel seemingly put in what he was seeking to introduce, the plaintiff shows no ground of exception.

A verdict for the defendant in an action for breach of contract renders immaterial the exclusion of evidence as to the amount of damages.

CONTRACT, for breach of the covenants in a lease from the defendant to the plaintiff of certain premises in Revere.   At the trial in the Superior Court, before *Richardson*, J., the jury

returned a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*E. I. Smith,* for the plaintiff.

*J. O. Teele,* for the defendant, was not called upon.

HOLMES, J.   This is an action for the breach of covenants in a lease made by the defendant to the plaintiff. The case is here on two exceptions to the exclusion of evidence. The first concerned the alleged interference by the defendant with the granting of a grove and victualler's license to the plaintiff. There seems to have been a misunderstanding between the court and the plaintiff's counsel as to certain questions, the court taking them as 'an inquiry what a conversation meant, and excluding that. The questions as reported seem to have been intended simply to call for the words spoken; but as the court added that the plaintiff might ask for anything that was said, and the plaintiff thereupon put such questions as it saw fit, and seemingly got in what it was seeking to introduce, it suffered no wrong.

The other exception concerns the exclusion of some expert testimony as to the amount of damage suffered. The short answer to this exception is, that the jury found a verdict for the defendant. Even when evidence is admitted which might influence the finding of the jury on the cause of action, if it is confined by the instructions of the judge to damages, and if the jury find for the defendant, commonly a new trial will not be granted. *Sullivan* v. *Lowell & Dracut Street Railway,* 162 Mass. 536. *A fortiori,* the same is true when the evidence is excluded. *Cunningham* v. *Parks,* 97 Mass. 172, 175. It is argued that practically the effect was to exclude all proof of damages, and thus to necessitate a verdict for the defendant. But if a breach of contract had been proved, the plaintiff would have been entitled at least to nominal damages; and on the facts in evidence the jury might have found substantial damages without the aid of testimony directed specifically to the amount. *Smith* v. *Brown,* 164 Mass. 584, 586. *Pierce* v. *Cunard Steamship Co.* 153 Mass. 87, 91.

*Exceptions overruled.*