HENDERSON WOODS

*v.*

ELLA DAILEY.

*Opinion filed October 24, 1904.*

1. DRAM-SHOPS—*preponderance of evidence is sufficient to justify recovery of damages.* A preponderance of the evidence is sufficient to justify a verdict for the plaintiff in a civil action under the Dram-shop act for injury to plaintiff's means of support in consequence of the death of her husband, caused by defendant's sale to him of intoxicating liquors.

2. EVIDENCE—*what not undue restriction of cross-examination.* Cross-examination intended to show use of intoxicating liquor by a witness as affecting his credibility is not unduly restricted by refusing to allow questions as to how many times he had taken the Keeley cure and "had snakes," where the witness has admitted that he had been drunk and had used intoxicating liquor.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Knox county; the Hon. GEORGE W. THOMPSON, Judge, presiding.

WILLIAMS, LAWRENCE & WELSH, for plaintiff in error.

SHUMWAY & RICE, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action on the case brought by Ella Dailey, against Henderson Woods and Charles A. Walker, to recover damages for an injury sustained by her to her means of support in consequence of the death of her husband, Samuel Martin Dailey, alleged to have been caused, in whole or in part, by the sale to him by them of intoxicating liquors. A trial was had before the court and a jury, which resulted in a verdict and judgment in favor of the plaintiff for $2000, which has been affirmed by the Appellate Court for the Second District, and Henderson Woods has sued out a writ of error from this court to review the judgment of the Appellate Court.

It is contended that the court erred in instructing the jury that a preponderance of the evidence was sufficient upon which to base a verdict in favor of the plaintiff. We do not view that question as an open one in this court. In the case of *Hall* v. *Barnes,* 82 Ill. 228, which was an action by the wife under the Dram-shop act, the court, on page 229, said: "Upon the remaining point, we regard the evidence sufficient as to the loss of means of support in consequence of drunkenness caused by appellants. While it is true the action is penal and the material allegations in the declaration must be fully proved, yet it is not necessary the evidence should exclude all reasonable doubt. It is sufficient if there is a preponderance of evidence, and this may result from circumstantial as well as direct evidence." This is an action to recover damages, and not to recover a fine or a penalty, (*Rob-*

*inson* v. *Randall,* 82 Ill. 521,) and this court, in that class of
cases, has uniformly approved instructions which have in-
formed the jury the plaintiff need only establish his case by
a preponderance of the evidence. Some of the reported cases,
where such rule has been announced, are *Crabtree* v. *Reed,*
50 Ill. 206, *Miller* v. *Balthasser,* 78 id. 302, *Mitchell* v.
*Hindman,* 150 id. 538, and *Taylor* v. *Felsing,* 164 id. 331.
In the *Miller case,* which was an action of trespass to re-
cover damages for criminal assault, the court, on page 305,
said: "It is said, where the offense charged is of so grave
a character, more than a bare preponderance of the evidence
should be required to warrant a verdict. This is not, how-
ever, a criminal or penal action, but is merely a civil action,
brought to recover damages for a personal injury. The
judgment involves neither the life nor the liberty of the de-
fendant, and we are aware of no authority that would re-
quire the plaintiff to establish her cause of action by more
than a preponderance of the evidence."

The counsel for the plaintiff in error rely upon the case
of *Toledo, Peoria and Warsaw Railway Co.* v. *Foster,* 43 Ill.
480, and kindred cases, to sustain their contention. The
*Foster case* was a *qui tam* action to recover the statutory pen-
alty imposed upon railroads for a failure to sound a whistle
or ring a bell eighty rods before arriving at a crossing, and
it was held a preponderance of the evidence was not suf-
ficient upon which to base a verdict against the company.
Had the action been one upon the case against the railroad
company for negligence in failing to sound a whistle or
ring a bell as provided by said statute, we think it must be
considered, in view of what has been said in the Crabtree
and subsequent cases, that a preponderance of the evidence
in favor of the plaintiff would have been sufficient upon
which to sustain a verdict in his favor. We do not think the
authorities relied upon by the plaintiff in error are in point.
Furthermore, the first instruction given at the instance of the
plaintiff in error announces the rule as to the quantum of
proof necessary to support a verdict in favor of the plaintiff

211—32

to be the same as it is stated to be in the instructions of the defendant in error complained of. That instruction is as follows:

"As to the defendant Woods, the court instructs you that the burden is upon the plaintiff to make out and establish this claim or charge by a greater weight and worth of credible evidence than is brought against it, and unless, upon the whole evidence, you believe and find that she has done so, your verdict must be for the defendant Henderson Woods, and against the plaintiff."

While the wording of the instruction is different from those given for the defendant in error, its meaning is the same, and the rule is well settled that one party cannot induce the court to instruct the jury upon the law in a certain manner, even though erroneous, and then have the case reversed by reason of the same error found in the instructions of his adversary. "A party cannot complain of an instruction given on behalf of his adversary like one given at his own request." *Springer* v. *City of Chicago,* 135 Ill. 552.

The only other ground relied upon by plaintiff in error for a reversal is, that the court unduly limited him in his cross-examination of one of the witnesses called and examined by defendant in error.

The plaintiff called O. J. Mahon as a witness, who testified, in substance, that he went with Samuel Martin Dailey on the Saturday afternoon prior to the Tuesday upon which Dailey died, to the drug store of Henderson Woods; that he remained upon the sidewalk in front of the store; that Dailey went inside; that he saw him speak to the clerk of Woods, who immediately gave to him a bottle of whisky, which Dailey put in his pocket; that he came out of the store, when, in company with witness, he went to a barn near by and they both drank of the contents of said bottle. The evidence of this witness was material and exceedingly damaging to the plaintiff in error, and it was sought to destroy or weaken it by showing, upon cross-examination, that the witness was addicted to the excessive use of intoxicating

liquors, and to that end he was asked: "How many times have you been to the Keeley cure?" "How many times have you had snakes yourself?"—to each of which questions an objection was interposed and sustained. The only legitimate object of such cross-examination, if any, was to bring to the knowledge of the jury the fact that the witness was addicted to the excessive use of intoxicating liquor, with a view to affect his credibility. On his direct examination he testified he drank twice from the bottle of whisky obtained by Dailey from Henderson Woods' drug store, and in response to a preceding question propounded to him on cross-examination, he admitted that subsequent to the sale to Dailey, testified to by him, he, in company with others, had been drunk, and when called upon rebuttal he stated he "used to buy whisky," he "used to buy lots of whisky," but said he did "not do so now." This record shows the jury were fully advised as to the fact that the witness had been in the habit of using intoxicating liquors to excess. To have obtained from the witness an admission that he had taken the "Keeley cure" or that he had had "snakes" would have thrown no further light upon the question of his habits as to the excessive use of intoxicants. If the court had permitted the questions to have been answered and the witness had denied he had taken the "Keeley cure" or had had "snakes," it will hardly be contended, in view of the statement of the witness that he took two drinks from the bottle and his admission that he had been drunk, that the court would have been justified in permitting witnesses to have been called to prove he had taken the "Keeley cure" or had "snakes." The result of such a course would have been that the court, for the time, would have been forced to abandon the trial of the real issues in the case and enter upon the trial of a wholly immaterial issue. We think the court did not err in refusing to permit the questions to be answered.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*