James Purtle

*v.*

Michael Bell.

*Opinion filed February 21, 1907.*

1. .Boundaries—*disputed boundary line may be agreed upon by parol.* A disputed or unascertained boundary line may be fixed by parol agreement of the parties, and, if followed by possession in accordance therewith, such agreement is binding upon the parties, not as a parol transfer of title, but as establishing a disputed boundary.

2. Same—*parol agreement fixing disputed boundary is binding, irrespective of Statute of Limitations.* An agreement to establish a disputed or unascertained boundary line may be implied from the unequivocal acts and declarations of the parties and may be enforced in law or in equity, whether the period of limitation has run or not.

3. Same—*effect of mistake of surveyor, if a boundary line is not disputed.* If a boundary line is not in dispute and the intention of the parties is merely to determine the exact boundary, a mistake by the surveyor employed by them to run the line by which an erroneous boundary is agreed upon, does not estop the parties from subsequently disputing the boundary, and the agreement is not binding even though possession was taken in accordance with the survey before the mistake was discovered.

4. Same—*what does not show that boundary was in dispute or unascertained.* An agreement between owners of adjoining lands to employ the county surveyor to determine and fix the true boundary line between their lands does not show that such boundary was in dispute or unascertained.

5. Limitations—*possession, such as bars a legal title, must be hostile or adverse.* Possession, such as bars the assertion of a legal title, must be hostile or adverse, actual, visible, notorious and continuous and under claim or color of title; and such possession must have been hostile,—that is, hostile as a matter of law,—from the beginning.

6. Instructions—*one cannot complain of an opponent's instruction which is substantially like one of his own.* A party will not be permitted to complain, on appeal, of an instruction given at the request of his opponent which is substantially like one of his own.

Writ of Error to the Circuit Court of Monroe county; the Hon. B. R. Burroughs, Judge, presiding.

This is an action of ejectment in the circuit court of Monroe county, brought by defendant in error against plaintiff in error, to recover possession of a strip of land thirteen and one-half feet wide across a forty-acre tract. The parties owned two forty-acre pieces of land lying adjacent to each other east and west, the east forty belonging to the defendant in error and the west forty to the plaintiff in error. The latter acquired title to his land on March 7, 1881, by deed of conveyance from one Jacob Rehgennes. At that time the east forty was owned by one Michael Goedelmann, who continued in such ownership until March 9, 1883, when he conveyed it to George Goedelmann, who conveyed it to defendant in error, Michael Bell, on February 12, 1901. In the fall of 1881 the county surveyor was employed by Michael Goedelmann and the plaintiff in error to survey their lands and establish a boundary line between their two forty-acre tracts. After the line had been surveyed, plaintiff in error, in 1882 or 1886, planted a hedge along the line thus surveyed, which has been there ever since. In September, 1904, defendant in error, Bell, again employed the same county surveyor to survey the lands, and as a result of that survey he established the line thirteen and one-half feet west of the hedge, declaring the survey of 1881 was erroneous and that the hedge did not mark the true boundary line. Plaintiff in error contended that it did, and refused to recognize or conform to the last named line. On September 14, 1905, Bell began this action of ejectment to recover the thirteen and one-half feet in dispute. Upon a trial before the court and a jury a verdict was rendered in favor of the defendant in error for the possession of the disputed strip. Plaintiff in error paid the costs and took a new trial under the statute. At the March term, 1906, upon a second trial before the court and a jury, a verdict was again returned against the plaintiff in error. Judgment was rendered upon the verdict. A writ of error has been sued out of this court to review that judgment.

RICKERT, WINKELMANN & OGLE, for plaintiff in error.

A. D. RIESS, A. C. BOLLINGER, and ROY E. GAUEN, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is claimed by plaintiff in error that he agreed with Michael Goedelmann upon the survey of 1881 as the boundary line between their respective lands; that Michael Goedelmann recognized the line as thus established; that the hedge was afterwards planted on the line; that he has been in possession of the land on the west side of the hedge for more than twenty years, and is therefore the owner thereof notwithstanding the fact that there may have been a mistake in the first survey.

The question of the establishment of a boundary line between the property of adjoining land owners, and the effect of such line after it is established, has been the subject of much discussion. While there is some conflict in the decisions, yet the rule of law applicable to such cases is well established, and the conflict arises from questions of fact arising in the different cases and the application of the law thereto. Where there is a dispute between adjoining land owners as to the true boundary line between their respective lands, or if the line between them is unascertained, they have the right, in law, to establish a boundary line by agreement, either in writing or by parol, but when by parol, possession must be taken in pursuance thereof, and the line so agreed upon will be binding upon the parties and their privies in estate. The effect of this rule is not to convey title to the real estate from one party to the other, which all agree can not be done by parol, but the agreement is valid for the purpose of fixing the location of an unascertained or disputed boundary. If the location of the true line is known to the owners they cannot transfer the land from one to the other by a verbal agreement, so as to change such location. More-

over, the agreement to establish a line when in dispute or unascertained may be implied from the unequivocal acts and declarations of the parties, either expressed or implied, and such an agreement may be enforced either in law or equity, whether the period of limitation has run or not. But this rule also applies only where there is a dispute as to the line or where the line is unascertained. If the line is not in dispute and the intention of the parties is merely to determine the exact or true line, and in so doing an erroneous line is agreed upon by accident or mistake, the agreement will not be binding and the line will not be established merely because of the agreement previously entered into between the parties. In such a case there is a failure to find the true line through accident or mistake, and not an agreement to adopt an unascertained or disputed line; hence the same rule does not apply with reference to possession, estoppel, etc. For a discussion of the foregoing rules, see *LaMont* v. *Dickinson,* 189 Ill. 628; *Henderson* v. *Dennis,* 177 id. 547; *St. Bede College* v. *Weber,* 168 id. 324; *Clayton* v. *Fcig,* 179 id. 534; *Kincaid* v. *Vickers,* 217 id. 423; *Sonnemann* v. *Mertz,* 221 id. 362; 4 Am. & Eng. Ency. of Law,—2d ed.—860-862; 5 Ency. of Law and Proc. 934.

Applying the law as announced in those cases to the facts in the case at bar, the question must be whether the facts come within the first or last rule above announced,—in other words, whether the boundary line before the survey of 1881 was in dispute or unascertained, or whether the survey was made merely to determine the true line.

The evidence shows that the plaintiff in error and Michael Goedelmann agreed to the survey, but what led them to make the agreement does not clearly appear. There is no evidence showing or tending to show that the line was in dispute before that time, and very little, if any, evidence tending to show that it was unascertained. The most that can be said from the evidence is, that they entered into an agreement to have the county surveyor determine and fix

the true line,—at least we cannot say that the jury were not justified in taking that view of the evidence; and if such was the case and a mistake was made by the surveyor, the line established by him was not binding upon Michael Goedelmann or his grantees, as was expressly held in the case of *Sonnemann* v. *Mertz, supra.* Aside from this view, there is an irreconcilable conflict in the evidence as to the exact time when the plaintiff in error took possession of the strip. He claims that the hedge was planted in 1882 and that he has had possession since that time until the bringing of the suit, —a period of over twenty years,—and hence his title was valid by reason of the running of the Statute of Limitations. There was sufficient evidence to justify the jury in finding that the hedge was not set out until 1886, and as the suit was commenced in 1905, the right of action of defendant in error for possession was not barred by the twenty years statute. There is also considerable conflict in the testimony as to the nature of the possession of plaintiff in error during this period. There is evidence tending to show that Michael Goedelmann and his grantees did not recognize the line established by the survey of 1881 as the true line, and thus tending to impeach the adverse possession of plaintiff in error. There is also evidence tending to show that the title was, from time to time, disputed by Goedelmann and his grantees, and that demands were made upon the plaintiff in error for possession of the strip in question, accompanied with threats of charging rent for the occupancy of the same. Where there is a dispute as to the material facts, as appears in this case, the verdict of the jury must be allowed to stand unless it can be said that the verdict is clearly against the weight of the evidence. Two juries have passed upon the facts at issue and have arrived at the same conclusion. Two trial courts have overruled motions for new trials, thus giving their sanction to the verdicts. They were in better position to judge as to the questions in dispute than we are. They saw the witnesses and heard them testify, and we are

not prepared to say that they have not correctly decided the question at issue.

Objection is made to the tenth and eleventh instructions given on behalf of the defendant in error. The tenth tells the jury that the adverse possession which is required to bar the assertion of a legal title must be hostile or adverse, actual, visible, notorious and continuous, under claim and color of title. As we understand the contention of counsel for plaintiff in error, the objection is to the use of the words "hostile or adverse." It is sufficient to say that the terms used in the instruction are in accord with the decision of this court in the case of *Page* v. *Bellamy,* 222 Ill. 559.

The eleventh instruction was to the effect that title by adverse possession can only defeat the legal title when such possession has been hostile in its beginning, etc. It is insisted that under this instruction, no matter how clear an understanding may have been arrived at between Michael Goedelmann and plaintiff in error as to the division line and possession taken in accordance therewith, unless in the beginning plaintiff in error's possession was hostile the statute was no defense. The first instruction given by the court on behalf of plaintiff in error was substantially the same as the instruction objected to. He will not, therefore, be heard to complain of one to the same effect given on behalf of the defendant in error. In addition to this, the language "hostile in its beginning," means hostile as a matter of law. The instruction announced the correct rule as applied to title claimed under the Statute of Limitations.

We find no reversible error in the record, and the judgment of the circuit court will be affirmed.

*Judgment affirmed.*