Doyle v. Cavanaugh.

---

Michael Doyle, Jr., Appellant, v. Edward Cavanaugh, Appellee.

Gen. No. 4,895.

1. VERDICT—*when not disturbed as against the evidence.* To justify the Appellate Court in reversing on the ground that the evidence is insufficient, it must appear that the finding of the jury

is not sustained by the evidence or that it is palpably contrary to the decided weight of the evidence.

2. EVIDENCE—*when improper exclusion of, will not reverse.* The improper exclusion of evidence upon the question of damages will not reverse where the merits of the controversy have been decided adversely to the party making the complaint.

3. ASSAULT AND BATTERY—*when instruction in action for, improper.* An instruction upon the subject of self-defense, in an action for assault and battery, is improper which tells the jury that the defendant "had a right to repel force by force and in so doing to use such force as the defendant then believed was reasonably necessary under the existing circumstances." Such instruction should have told the jury that the defendant's belief must have been such as a reasonable person would have entertained under the circumstances.

4. INSTRUCTIONS—*when cannot be complained of.* A party cannot complain of an instruction given at the instance of his adversary where the vice in question is one common to the instructions given at his own instance.

Trespass. Appeal from the Circuit Court of Will County; the Hon. ALBERT O. MARSHALL, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed March 11, 1908.

LAGGER & BLATT, for appellant.

JOHN J. MAHONEY, for appellee; EDWARD CORLETT and GEORGE J. CLARE, of counsel.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

This was an action in trespass instituted in the Circuit Court of Will county by Michael Doyle, Jr., against Edward and George Cavanaugh to recover damages for injuries for an alleged assault and battery committed upon him by them. The declaration charged an assault, an assault and battery, and an assault with a deadly weapon upon the person of the plaintiff. Some of the counts also charged malice. Pleas of not guilty and *son assault demesne* were interposed by each of the defendants. It was ordered on the stipulation of the parties that all replications not involving a new assignment that could have been properly filed be considered as on file. This stipulation filled the office of the replication

Doyle v. Cavanaugh.

*de injuria.* There was a trial, and at the conclusion of plaintiff's evidence the suit was dismissed as to George Cavanaugh, the pleadings amended and the suit proceeded against Edward Cavanaugh as sole defendant. There was a verdict of not guilty, motions for a new trial and in arrest of judgment overruled, and judgment entered against plaintiff, to reverse which he brings the case to this court on appeal.

It is urged on behalf of appellant that the verdict is against the manifest weight of the evidence, and that the court excluded competent evidence offered by plaintiff below, and gave the jury erroneous instructions at the request. of the defendant.

Appellant and appellee are relatives and belong to the same political party. On April 3, 1906, one Forsythe, a brother-in-law of appellant, was a candidate for collector in the town of Florence. A brother of appellee opposed his election. Brown, a brother-in-law of appellee, was a candidate for the same office in the town of Jackson, and appellant opposed his election. Brown was elected and Forsythe defeated. The evening after the election, while the parties were in Blatt's store in Elwood discussing the result, appellant said that if it had not been for big Bill Cavanaugh, Forsythe would not have been defeated. Unknown to appellant, appellee was present at the time and heard the remark. A few minutes later appellant left and went into Manton's store a few doors away, where tobacco and soft drinks were sold, and was standing at the bar when appellee came in. The conflict in the evidence is such that it is impossible to determine just what occurred between the parties at their meeting in Manton's store, except that there was an exchange of blows between them and appellant was knocked down. The only undisputed fact is appellee's admission in his plea of justification that he struck appellant with his hand, and that is guarded by the averment that it was done in necessary self-defense. Appellant testified that. appellee struck the first blow, and there is evidence in the record tending to corroborate his statement, but none supporting his testimony that appellee struck him with anything except his hand. Appellee

testified that appellant struck the first blow and insists that the evidence supports the averment of his plea that the blow he struck appellant was given in his necessary self-defense. The jury saw the witnesses and heard their testimony, and it was their province to determine the facts in this conflict in the evidence. This they did in favor of appellee, which supports his plea of self-defense. Whether the evidence warranted the verdict was a question of fact peculiarly within the province of the jury to determine, and great weight is to be given to their finding. Courts are reluctant to substitute their opinion for that of the jury on a controverted question of fact. To justify this court in reversing on the ground that the evidence was insufficient, it must appear that the finding of the jury is not sustained by the evidence, or that it is palpably contrary to the decided weight of the evidence. Steffy v. People, 130 Ill., 98; People v. Horchler, 231 Ill., 566. We conclude from an examination of all the testimony, that we would not be justified in disturbing the verdict on the ground it was contrary to the evidence.

A minor question is raised as to the correctness of the ruling of the trial court upon the exclusion of certain testimony offered relative to the effect of the assault upon appellee, but we are of the opinion that there is no substantial ground for complaint in that regard. If the testimony excluded had been competent and admitted, it would in no way have affected the result, except to have increased the damages in the event of a recovery by appellant.

Appellant's principal criticism of appellee's instructions is that they do not accurately state the law as to the amount of force that might justifiably be used in self-defense. On this question, the court instructed the jury that appellee "had the right to repel force by force, and in so doing to use such force as the defendant then believed was reasonably necessary under the existing circumstances." This is not an accurate statement of the law. The instructions should have told the jury that his belief must have been such as a reasonable person would have entertained under the circum-

stances. Hulse v. Tollman, 49 Ill. App., 490. In Ogden v. Claycomb, 52 Ill., 365, a suit arising out of an assault and battery, the rule is stated in the following language: "No more violence can be used than a reasonable man would under the circumstances regard necessary to his defense." But from this error in appellee's instruction appellant can derive no benefit, for the reason that the same defective statement of the law appears in two of appellant's instructions. The rule is well settled that one party cannot induce the court to instruct the jury upon the law in a certain manner, even though erroneously, and then have the case reversed by reason of the same error found in the instructions of an adversary. Woods v. Dailey, 211 Ill., 495. "A party cannot complain of an instruction given on behalf of his adversary like one given at his own request." Springer v. City of Chicago, 135 Ill., 552; Purtle v. Bell, 225 Ill., 523.

Finding no material error of law in the record, the judgment of the lower court is affirmed.

*Affirmed.*