DeFreitas v. Nunes, 156 Ill. App. 17.

## Frederick DeFreitas, Appellee, v. William Nunes, Appellant.

1. Assault and battery—*what pleading essential to self-defense as answer to civil action.* In the absence of a plea of *son assault demesne,* self-defense or justification is not available by the defendant as a substantive ground to a civil action of assault and battery.

2. Instructions—*when omission of word "unlawful" harmless error.* In an instruction defining an assault and battery the omission of the word "unlawful" is harmless error if the evidence sustains the unlawful character of the assault.

3. Appeals and errors—*what instructions cannot be complained of.* A party cannot complain of instructions which contain a vice common to other instructions given at his own instance.

Trespass. Appeal from the Circuit Court of Morgan county; the Hon. Owen P. Thompson, Judge, presiding. Heard in this court at the November term, 1909. Affirmed. Opinion filed May 28, 1910.

Layman & Morrissey and Bellatti, Barnes & Bellatti, for appellant.

Mills & Neiger and William N. Hairgrove, for appellee.

Mr. Presiding Justice Baume delivered the opinion of the court.

In this action in trespass for an assault and battery, the plaintiff, Frederick DeFreitas, recovered a verdict and judgment in the circuit court of Morgan county against the defendant, William Nunes, for the sum of $1500. The defendant prosecutes this appeal, and the only errors relied upon for a reversal of the judgment relate to the action of the court in refusing to admit evidence offered by the defendant, and in giving alleged erroneous instructions.

The defendant was the father-in-law of the plaintiff and sought to prove statements which had been made to him by his son, George, as to the alleged mistreatment by the plaintiff of his wife at the home of the plaintiff on the evening preceding the day upon which the assault was committed. The evidence was properly excluded as being too remote and mere

hearsay, but the defendant was accorded any advantage he may have sought from the admission of such evidence by the fact that a recital by the witnesses of what occurred and what was said upon the occasion of the assault and battery, fully disclosed the information which defendant claimed to have received from his son.

Notwithstanding the fact that the only plea filed by the defendant was that of the general issue, the case was tried and instructions submitted and given at the instance of both parties upon the theory that the plea of *son assault demesne* was interposed by the defendant. In the absence of such a plea, self-defense or justification were not available by the defendant as substantive grounds of defense to the action. Olsen v. Upsahl, 69 Ill. 273; Gizler v. Witzel, 82 Ill. 322; Illinois Steel Co. v. Novak, 184 Ill. 501; Chicago Title & Trust Co. v. Core, 223 Ill. 58.

The first instruction given at the instance of the plaintiff, while somewhat inartificially drawn, states the law more favorably for the defendant than the well-established rule permits. By this instruction the plaintiff assumed the burden not only of showing that the defendant committed the assault by shooting as alleged in the declaration, but also that such assault was not committed by the defendant in self-defense. If self-defense had been properly a substantial issue in the case it would not have been necessary to have given a legal definition of what constituted self-defense in every instruction bearing upon that issue.

The second instruction tendered by the plaintiff and given by the court improperly omits the word "unlawful" used in the statute in defining an assault and battery, but as the evidence in the case clearly establishes the unlawfulness of defendant's assault upon the plaintiff, no harm could have resulted to the defendant by the instruction as given.

It is a sufficient answer to defendant's criticism of the third and fourth instructions given at the instance of the plaintiff to say that the 16th, 17th, 21st, 22nd, and 26th instructions given at the instance of the defendant are inac-

curate in the like respect.   Woods v. Dailey, 211 Ill. 495;
Purtle v. Bell, 225 Ill. 523.

The fifth and sixth instructions given at the request of
the plaintiff relate to the law of self-defense and were more
favorable to the defendant than the issues in the case war-
ranted.

The record is free from any error prejudicial to defend-
ant and the judgment of the circuit court will be affirmed.

*Affirmed.*