Channing W. Barrett, Plaintiff in Error, v. H. G. Nye, Defendant in Error.

## Gen. No. 16,698.

1. APPEALS AND ERRORS—*harmless error*. Improper exclusion of evidence as to elements of damage sustained when an automobile is injured in a collision will not necessarily work a reversal if the jury finds there was no liability.

2. APPEALS AND ERRORS—*record must contain instructions given*. Error in the giving of instructions will not be reviewed where instructions appear in the abstract of the record and none are contained in the record.

Error to the Municipal Court of Chicago; the HON. MANCHA BRUGGEMEYER, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed December 30, 1912.

H. R. LLOYD and P. R. BOYLAN, for plaintiff in error.

ALBERT H. MEADS, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The plaintiff in error claimed that while driving his automobile in Dearborn Avenue, Chicago, with due care, etc., the defendant in error carelessly and negligently drove his automobile against the automobile of plaintiff in error, breaking same, etc., thereby causing certain damages, to recover which he brought suit.

On a trial before a jury a verdict was returned for the defendant in error and the court entered judgment thereon.

The plaintiff in error urges that the court erred in refusing to admit competent evidence offered by plaintiff in error to show "the time he was out the use of his automobile" and "the value of the use of the automobile while being repaired" as elements of damages for which he was entitled to recover. If it be conceded that the rulings complained of were erroneous, it does not necessarily follow that the judgment should be reversed therefor under the circumstances in this case when the jury found there was no liability. In Oak Island Hotel Co. v. Oak Island Grove Co., 165 Mass. 260, where the same objection was urged, the court say: "The short answer to this exception is, that the jury found a verdict for the defendant." We refer to that case for a more extended discussion of the question. To the same effect are First Nat. Bank of El Paso v. Miller, 235 Ill. 135, and Doyle v. Cavanaugh, 139 Ill. App. 359.

The only other errors argued by the plaintiff in error relate to the instructions to the jury claimed to have been given by the court. The record contains no instructions. In the abstract of the record appear what is said to be the instructions given by the trial court upon which plaintiff in error bases his arguments. We are at a loss to understand how counsel could insert into an abstract of a record that which is not contained in the record, without expecting and inviting the condemnation of the court. We shall, however, say nothing further in this respect, for we prefer to imagine some charitable excuse rather than consider a wilful attempt was made to mislead or impose upon the court.

The judgment is affirmed.

*Affirmed.*