(No. 31225.—

JOHN SKINNER, Appellant, *vs.* JOHN FRANCISCO, Appellee.

*Opinion filed November 22, 1949.*

ROOT & HOFFMAN, and ROBERT W. MALMQUIST, both of Morris, for appellant.

DUNN & HAYES, of Morris, for appellee.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

Appellant, Skinner, filed a complaint against appellee, Francisco, alleging an old hedge fence, separating their two farms, was the true boundary line between their respective tracts in Grundy County, and asking that title to the east of the hedge fence be confirmed in appellant; that appellee be enjoined from interfering with Skinner's title and possession thereof; that a barbed-wire fence be removed and the hedge or a proper fence be restored; and for damages. The chancellor entered a decree finding the issues in favor of appellee and dismissed the cause at plaintiff's costs. A freehold is involved.

The facts in brief are these: One Ellen Burns in 1931 was the owner of both tracts and had farmed the land by tenants for fifty years. On June 4, 1931, Burns conveyed the west half of the southwest quarter of section 23, in township 31 north, range 8 east of the third principal meridian, in Grundy County, to appellant, Skinner, who alleged that he and Burns agreed between themselves that the hedge fence was the west boundary of the tract conveyed, and that thereafter Burns relinquished possession east of the hedge to Skinner. On April 24, 1941, Burns conveyed by deed a tract to appellee, John Francisco, described as the east half of the south east quarter of section 22, in the same township, and appellee soon thereafter claimed as a part of that tract the controverted strip lying 33 feet east of the hedge fence, entered into possession thereof, allegedly destroyed a part of the hedge fence and erected a barbed-wire fence approximately 33 feet east of the hedge fence along the claimed line.

The appellee by answer denies it was the intention of Burns to convey to appellee only that portion lying west of the hedge; denies he destroyed any part of the hedge fence; admits he constructed the barbed-wire fence but contends it is constructed on his land and not the land of appellant.

There is no question that the hedge fence had existed for a long period of years. There was no survey made of the tracts in question, and neither deed referred to the hedge fence. Appellant insists the grantor, Burns, went over the ground with him at the time of the sale of the east tract in 1931, pointed out the hedge as the line for the 80 acres he purchased, and informed him the hedge fence was the line and that thereafter he went into possession to the hedge line, farmed the controverted strip and that Burns never at any time thereafter questioned his title or possession thereof. He maintains further that this is an agreement between the parties establishing the true

boundary and is binding on Francisco, the subsequent grantee of the west tract. He admits there was no dispute between himself and Burns but that the line was uncertain and cites the familiar rule that where there is doubt or uncertainty as to the true location of the boundary line and possession is taken in conformity with such agreement, it is conclusive upon the owners and those claiming under them.

There is no controversy concerning the pleadings in the case. There is little disagreement about the rules of law applicable. The contest arises over the application of the rules of law to the facts shown by the record.

There is some evidence at one time there was a road or right of way on or along the dividing line between the two tracts. The inference is there once existed a road 66 feet in width, presumably with 33 feet taken off the side of each tract, and that the hedge fence was located on the west boundary of the road, although the record is by no means clear on this point. Some evidence appears that there was a survey made by the county surveyor of the tract north of appellant's tract which is also owned by appellee, and that the new fence as now located is an extension of the true section line. Appellant insists that this is immaterial and that the location of the true boundary has no bearing on the controversy under the rule as above stated.

It is a familiar doctrine of the law, that the title to real estate cannot be transferred by parol. It is equally forbidden by the principles of the common law and the express provisions of the Statute of Frauds. This doctrine was recognized early in our case law. It is equally settled, however, that the owners of adjoining tracts may, by a parol agreement, settle a disputed boundary between them. Such an adjustment of the boundary, if followed by corresponding possession, may be binding on the parties to the dispute, not because it passes title, but because it determines

the location where the estate of each is supposed to exist. (*Crowell* v. *Maughs,* 2 Gilm. 419.) This rule was later extended in *Duggan* v. *Uppendahl,* 197 Ill. 179, where there is a dispute or uncertainty as to the true line. The rule that a boundary line may, under certain circumstances, be permanently and irrevocably established by parol agreement of adjoining owners is stated in 69 A.L.R. at p. 1433. This rule was again defined in *Horn* v. *Thompson,* 389 Ill. 176. If, however, the boundary line is not in dispute and the intention of the parties is merely to determine the exact or true line, and in so doing an erroneous line is agreed upon by accident or mistake, the agreement will not be binding, and the line will not be established merely because of the agreement previously entered into between the parties. (*Purtle* v. *Bell,* 225 Ill. 523; *Nitterauer* v. *Pulley,* 401 Ill. 494.) In such case there is merely a failure to find the true line through accident or mistake and not an agreement to adopt an unascertained or disputed line. *Sonnemann* v. *Mertz,* 221 Ill. 362.

Many of the cases cited by appellants are in support of the proposition that such an oral agreement as alleged here is binding where there is a dispute between the adjoining owners or are cases solely involving adverse possession over the required period. Such is not the case here. It cannot be said from the state of this record that there was ever a dispute between Burns and Skinner either before or after the transfer to Skinner. The only remaining basis for the application of the rule, therefore, is predicated upon the ground of uncertainty. But there is no uncertainty in this case that could not have been removed by a survey or even the running of a simple measurement. Appellant understood he was purchasing 80 acres of ground, and he received what he bargained for. He accepted a deed which described the land as the west half of the southwest quarter of section 23. He could readily have ascertained where the true boundary was and took no steps to

do so. The only evidence upon which to base a contention of uncertainty here is the testimony of the appellant that Burns pointed to the hedge and said that was the boundary of the east tract. She may well have had in mind the old road which had existed, as she had farmed the ground for fifty years, in which case the hedge would have been the west boundary of the east tract in conjunction with the old right of way.

The appellant alleges in his complaint that the hedge fence had divided the east half of the southeast quarter of section 22 from the west half of the southwest quarter of section 23 and was recognized by the respective owners as the true dividing line. We find no sufficient proof of this essential allegation in the record in this case. In fact, there is evidence to the contrary. Frank Francisco, a brother of the appellee, who farmed the land for 22 years before Skinner bought it, and who bought the land north of Skinner for his brother, testified the line on the land north of Skinner's tract was in dispute after Francisco bought it, and the line was established by two neighbors. The land there in dispute was an old road which they divided after a survey was made. He also testified to a conversation with Skinner in the spring of 1941, Skinner having testified he never had a conversation concerning the boundary until the new fence was erected. Francisco also testified he had another conversation with Skinner in 1945, and Skinner had said he would cause a survey to be made, but this was never done. He also testified to still another conversation with Skinner in 1941, in which Skinner said Mrs. Burns gave him the disputed strip. Two weeks later he had a conversation with Mrs. Burns, now deceased, in which she said, "If I gave it to him I would have deeded it to him." There was no objection made to this testimony.

It may readily be seen from this state of the record that these pertinent facts were in sharp dispute. We are in no

position to say that the plaintiff proved his case by a greater weight of the evidence or that the finding of the chancellor was against the manifest weight of the evidence.

We think the facts of this case fall far short of the requirements necessary to establish the circumstances necessary to bring it within the rule contended for, and fails to establish that the location of the boundary line was uncertain in its true location. A parol agreement must be sufficiently established to bring the case within the operation of the rule. (*Jones* v. *Scott,* 314 Ill. 118.) To hold otherwise would be to unsettle the boundary lines of many farms and parcels of ground upon the mere pointing to a hedge or other landmark with an alleged accompanying remark that the same marked the line, made by a witness now deceased. To permit such proof to prevail would violate the parol evidence rule and the Statute of Frauds to such an extent as to virtually render them nugatory, when applied to this type of case.

There is no uncertainty here. A deed or other written contract is not void for uncertainty in a description of the land conveyed if, from the words employed, the description can be made certain by extraneous evidence of physical conditions, measurement or monuments referred to in the deed. (*Hayes* v. *O'Brien,* 149 Ill. 403; *Guyer* v. *Warren,* 175 Ill. 328; *In re Estate of Frayser,* 401 Ill. 364.) In this case the only reference in the deed was to the half quarter-section description under the government survey. No description could be more certain or specific.

Since there was no dispute, and likewise no uncertainty as to the boundary line here, the rule contended for does not apply and the chancellor was correct in dismissing the cause. The decree of the circuit court is, therefore, affirmed.

*Decree affirmed.*