THEODORE FRANCOIS

*v.*

SOLOMON MALONEY.

1. BOUNDARY LINE *between adjacent lots — mistake in respect thereto — estoppel.* The owner of a lot of ground brought ejectment against the owner of an adjoining lot, to recover a portion of the land on which the house of the latter stood. There was evidence that, at the time the defendant built his house, about three years before the suit was brought, the plaintiff pointed out to him what he considered the line between the lots, and assisted in taking down a fence. But the plaintiff denied all knowledge as to the line: *Held*, under the circumstances, if the plaintiff through mistake thus induced the defendant to build to a wrong line, he was not thereby estopped from a recovery to the true line, his mere acquiescence in such practical location for so short a time not being sufficient to bar the action, and the evidence too uncertain and contradictory to prove an express agreement.

2. SAME — *deficiency in quantity — how apportioned.* The owner of a parcel of land made a plat of it into lots, and conveyed the same to different purchasers, the deeds describing the lots only by numbers. It was afterward ascertained that the frontage of the whole tract was less than was originally supposed and as shown by the plat: *Held*, in determining the true boundary line between the different lots, the original monuments being gone, and it was necessary to refer to the plat for the ascertainment of the dimensions of the lots, the deficiency in the frontage should be apportioned *pro rata* between them.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The opinion states the case.

Mr. JAMES L. STARK, for the appellant.

Messrs. NICHOLES & MORRISON and Mr. SIDNEY SMITH, for the appellee.

Mr. Justice Thornton delivered the opinion of the Court:

Appellee commenced an action of ejectment, in the circuit court of Cook county, for the east eight feet of lot 1, in block 10, in the school addition to the city of Chicago. A verdict was obtained against appellant, and judgment entered thereon. The question in issue seems to have been, the true boundary line between lots 1 and 6. Lot 1 is in the south-west corner of the block. The following is the plat of this part of the block:

| | 118 | 1 | 6 | 7 | 12 | 13 | 18 | 19 | 24 | 118 | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| W. | | 65 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | | E. |

*Taylor Street.*

S.

It will be seen that all the lots are fifty feet in width, except lot 1. It is sixty-five feet wide.

The frontage on Taylor street, according to the original survey, and the plat as recorded, and from which both parties derive title, was four hundred and fifteen feet. By actual measurement, recently made, the actual frontage is four hundred and six feet, leaving a deficiency to be taken from one, or all the lots. It was also in proof that appellee, at the time Francois' house was built, pointed out the line between the lots, and assisted in taking down a fence. This, however, was only about three years before the commencement of the suit. Appellee, in rebuttal, denies all knowledge as to the line. Both parties had a perfect title to their respective lots.

Two questions arise upon this record. 1st. Does the act of appellee, in regard to the boundary, operate as an estoppel? 2d. How shall the deficiency in the frontage be apportioned? Under the circumstances, appellee is not estopped from a recov-

ery to the true line, if, through mistake, he induced appellant to build to a wrong line. The testimony is too uncertain and contradictory. To divest a party of title by deed, which clearly defines the boundary, the evidence should be positive and unequivocal. An actual location, by express agreement, different from the deed, is obligatory. No express agreement was proved in this case. The mere acquiescence has been for too short a time to bar the party from maintaining ejectment. In most cases where confirmations of practical locations have been made, upon evidence of this kind, the acquiescence has been much longer than is shown in this case. *Kip* v. *Norton*, 12 Wend. 127; *Adams* v. *Rockwell*, 16 id. 285; Tyler on Eject. 571 *et seq.*

Besides, the fact of acquiescence has been determined by the jury, under proper instructions; and the finding ought not to be disturbed, as the evidence was conflicting.

It is just and reasonable that a *pro rata* division of the deficiency should be made. There is no good or substantial reason why the loss should fall entirely on lot 1. The parties hold title by deeds, which describe the lots by numbers. The recorded plat is necessarily referred to, for the ascertainment of the dimensions of the lots. The original monuments were lost. The purchaser of lot 1, then, has as good a right to sixty-five feet in width as the purchaser of lot 6 has to fifty feet. Each party should lose his proportion of the deficiency. A contrary rule would operate the most palpable injustice. *Jones* v. *Kimble*, 19 Wis. 429; *Moreland* v. *Page*, 2 Clark (Iowa) 139; *Thomas* v. *Patten*, 13 Me. 329; *Witham* v. *Cutts*, 4 Greenl. (Me.) 31; *Wolf* v. *Scarborough*, 2 Ohio St. 363.

The judgment is right and is affirmed.

*Judgment affirmed.*