COOP v. GEORGE A. LOWE CO. et al.

No. 4518.    Decided December 31, 1927.    (263 P. 485.)

*Pratt & Pratt,* of Ogden, for appellant.

*De Vine, Howell, Stine & Gwilliam,* of Ogden, for respondents.

HANSEN, J.

This is a suit in equity requiring the determination and location on the ground of the eastern boundary line of lot 1, block 24, in Lakeview addition to Ogden City, Weber county, Utah. The block is a triangular tract of land, bounded on the east by Grant avenue which runs north and south, on the south by Thirty-Seventh street, which runs east and west, and on the north and west by the county road, now the state highway between Salt Lake City and Ogden, which runs northeasterly and southwesterly, forming the hypothenuse of the triangle. Prior to April 26, 1889, A. B. Patton and wife, who were then the owners of the land included within the Lakeview addition to Ogden City, caused the same to be platted. The plat was approved by the city council of Ogden City on April 26, 1889, and on the following day the plat was filed in the office

of the county recorder of Weber county, Utah. The following is a copy of that portion of the plat so made, approved and filed, which indicates block 24:

Appearing upon the above-mentioned plat is the following:

"We hereby dedicate and set apart the avenues, streets and alleys as shown on the accompanying plat of Lakeview addition, the avenues and streets to be used as public thoroughfares forever, the right to the use of the alleys being appurtenant to any lot or fraction of lot abutting thereon. In witness whereof we have hereunto set our hands and seals this 20th day of April, A. D. 1889. August B. Patton, Ida D. Patton, by A. B. Patton, her Attorney in Fact. Signed, sealed, and delivered in the presence of Thomas Y. Stanford."

Then follows an acknowledgment in the usual form.

It will be observed that the lots abutting on Grant avenue are not numbered, except lots 2 and 17, but it is conceded that the intervening lots should be numbered consecutively.

The plaintiff, by mesne conveyance, became the owner of lot 1. The defendant George A. Lowe Company likewise became the owner of lots 6 and 7, and the defendant George M. James likewise became the owner of lots 8 and 9, all

in block 24 of Lakeview addition to Ogden City, Utah. The various deeds describe the lands conveyed by giving the number of the lot and block in the Lakeview addition to Ogden City. None of the deeds mention a place of beginning. Nor do any of them contain any calls or distances. The defendant John R. Jones does not own any land involved in this suit. This controversy primarily involves the location on the ground of the platted alley running north and south through block 24 above mentioned. All of the parties to this suit are agreed that such an alley exists, and that same is appurtenant to the abutting property.

The evidence, without conflict, shows that the distance on the ground along the south boundary line of block 24 from the west line of Grant avenue to the southeast sideline of the county road, now the state highway, is 315.7 feet. The plaintiff contends the southern boundary line of his property, lot 1, extends 197 feet east from the southeast sideline of the present state highway, and thence north to the state highway again. The defendants contend that their lots extend 142.5 feet west from the west sideline of Grant avenue. All of the parties are agreed that the alleyway should be 20 feet wide, provided it is not located on the land claimed by the party so agreeing. It will thus be seen that there are claims for 359.5 linear feet along the southern boundary line of block 24, and only 315.7 feet to supply such demand, a deficiency of 43.8 feet. Plaintiff contends that lot 1 of block 24 is 197 linear feet along its southern boundary fronting on Thirty-Seventh street, because the figures 197 on the plat of Lakeview addition to Ogden City so indicates. Plaintiff also contends that for more than 30 years he and his predecessors in title and interest have maintained a fence along what the plaintiff claims is the eastern boundary of lot 1, block 24; that such fence has been recognized and acquiesced in during all of said time by all parties interested as the boundary line between lot 1 now owned by plaintiff and the lots now owned by the defendants; that the fence so maintained

fixes the boundary line between plaintiff's and defendants' lots, regardless of the location of the true boundary line. Defendants contend that lots 6, 7, 8, and 9 in block 24 of the Lakeview addition to Ogden City extend westward from the west sideline of Grant avenue a distance of 142.5 feet. Their claims are based in part on data appearing upon the plat of the Lakeview addition to Ogden City. The plat shows that Grant avenue extends a considerable distance both north and south of defendants' lots. It also shows the platted alley between plaintiff's and defendants' lots extending for a considerable distance south of the lots belonging to the parties to this action. The sidelines of Grant avenue extend southward beyond block 43, which is between Thirty-Eighth and Thirty-Ninth streets some distance south of block 24. The south and north boundary lines of the lots lying between Grant avenue and the alley in block 24 and the north and south boundary lines of lots lying between the alley and Grant avenue in block 43 appear from the plat to be drawn perpendicular to, and are terminated by, the west sideline of Grant avenue and the east sideline of the alley. The line indicating the north boundary line of the first lot between Grant avenue and the alley in block 43 has marked along its course the figures 142.5, and the alley where it enters block 43 from the north has marked across it the figures 20. It is conceded by all parties to this controversy that the figures written along the sidelines of the lots and across the alley indicate feet.

If, as appears, the west sideline of Grant avenue and the east sideline of the alley are parallel, and if, as is indicated on the plat, the lines drawn perpendicular to, and terminated by these parallel lines, are 142.5 feet long at block 43, it follows that a similar line drawn at any other point is the same length. It is therefore contended by defendants that their lots must extend 142.5 feet westward from Grant avenue. If the facts are as assumed and as appear from the plat, the conclusion reached must of course follow, be-

cause, if two lines are parallel, a perpendicular line drawn to and terminated by such parallel lines is the same length wherever drawn.

The plat of the Lakeview addition to Ogden City also shows that wherever possible lots are platted as 142.5 feet by 25 feet, and only when this is not possible, because of the amount or shape of the land, are the lots given different dimensions.

Grant avenue and Thirty-Seventh street are each 66 feet wide.

Three civil engineers who had surveyed the lots in controversy in this suit testified at the trial. None of these engineers, however, pretended to be able to follow the footsteps of the surveyor who made the survey which formed the basis of the plat of the Lakeview addition to Ogden City. The field notes of the original survey of the lots within this addition appear to have been either lost or destroyed prior to the time of the trial. It is a matter of conjecture as to where the surveyor began or what course he pursued in making the survey. No monuments or other markings were located which any one claimed has been placed upon the ground by the surveyor who made the survey and secured the data used in making the plat of the addition. The evidence discloses that it is a mere matter of conjecture as to where the surveyor began or what course he pursued in making the survey of the lots within the addition. Indeed, it is not made to appear that the boundary lines of the lots involved in this suit were ever located or marked on the ground by any one prior to the time the plat of the Lakeview addition to Ogden City was made, approved and filed.

The only testimony touching the survey of the land within the Lakeview addition to Ogden City is that of B. W. Ellis, an abstractor, who testified that the addition was laid out by a man who worked with him; that, at the time the survey was made the witness thought, or it was his best recollection, that the owner of the land

within the addition and the county commissioners of Weber county intended to make the road to the west and north of lot 1, block 24, of the Lakeview addition to Ogden City 4 rods wide instead of 8 rods; that the road was 8 rods wide when the addition was laid out, and it has remained 8 rods wide to the present time. From this testimony it is argued on behalf of the defendants that plaintiff's lot 1 extends out into the road running to the west and north thereof. The difficulty with this contention is the fact that the plat which is the basis of plaintiff's deed shows that the northwest boundary line of his property is the southeast boundary line of the road. The road was 8 rods wide when the plat was drawn, and has so remained, and the plat, as the evidence discloses, was drawn to a scale, and shows the road to be approximately 8 rods wide. It is the well-settled law that where, as here, land is conveyed and described with reference to a map or plat, such map or plat is regarded as incorporated in the deed. 9 C. J. 180, § 50, and cases collected in the footnote. In the instant case the only description in plaintiff's deed, as well as in the deeds of his predecessors in title and interest, is that of the lot and block as shown by the plat of the Lakeview addition to Ogden City. The same is also true of the deeds of the defendants. We are of the opinion that the testimony of the witness D. W. Ellis as to what he thought or recollected was the intention of the owner of the land within the Lakeview addition and the county commissioners of Weber county at the time the plat of this addition was made out is clearly incompetent, and cannot be considered in determining the merits of this controversy. Not only does such testimony tend to vary the terms of the deeds of plaintiff and his predecessors in interest and title, but what witness thought or recollected of the intention of others must of necessity be either immaterial or based upon the witness'conclusions.

It will thus be seen that the extent and location of the lots and alley involved in this suit must be determined

from the plat of the Lakeview addition to Ogden City. As above indicated, the plat shows the south boundary line of lot 1 as being 197 feet. From data found upon the plat it is clear that the defendants' lots 6, 7, 8, and 9 should each extend 142.5 feet west from the west sideline of Grant avenue. It is likewise clear that the alley running through block 24 to the east of lot 1 and to the west of lots 6, 7, 8, and 9 was intended to be 20 feet wide. The evidence shows that the plat of the Lakeview addition to Ogden City is drawn to a scale of one inch to 200 feet. Applying the scale to the plat, the west boundary line of lot 1 should be, as near as can be determined, 197 feet, the alley 20 feet, and lots 6, 7, 8, and 9 should each extend 142.5 feet west from the west sideline of Grant avenue. As hereinbefore stated, however, the evidence shows that the entire distance along the southern boundary of block 24 from Grant avenue to the present state highway is only 315.7 feet. So that, allowing 197 feet for plaintiff's lot, 142.5 feet for defendants' lots, and 20 feet for the alley, there is a deficiency of 43.8 feet. The rule of law generally applied to a situation such as is presented in the instant case is thus stated in 9 C. J. p. 295, § 360:

"Where a tract of land is subdivided and is subsequently found to contain either more or less than the aggregate amount called for in the surveys of the tracts within it, the proper course is to apportion the excess or deficiency among the several tracts."

Numerous cases from various jurisdictions are collected in a footnote to the text. In addition to the cases there cited, the following cases are to the same effect: *Hillside Cotton Mills* v. *Bartley,* 156 Ga. 271, 119 S. E. 404; *Nilson Bros., Inc.,* v. *Kahn,* 314 Ill. 275, 145 N. E. 340; *Mechler et ux.* v. *Dehn et ux.,* 117 Misc. Rep. 591, 191 N. Y. S. 650. A few of the cases, while recognizing the general rule, do not follow it because of some facts and circumstances peculiar to the particular case, but under the facts in this case we are of the opinion that the general rule should be applied.

If, therefore, the lots and the alley should each bear their proportion of the deficiency in block 24 of the Lakeview addition to Ogden City, lot 1 would have a frontage on Thirty-Seventh street of 173 feet, lots 6, 7, 8, and 9 would extend west from the west sideline of Grant avenue 125.1 feet, and the alley would be 17.6 feet. In the computation whereby we have arrived at these figures where there was a fraction of more than five one-hundredths we have regarded the same as one-tenth of a foot and where there was a fraction of less than five one-hundredths of a foot we have disregarded the same.

It remains to be determined whether or not the plaintiff has acquired a right to any additional land by reason of the fact that he has maintained a fence along what he claims is the east boundary of his property.

Upon this issue the evidence shows without any substantial conflict that the plaintiff and his predecessors in title and interest have maintained a fence along what plaintiff claims is his eastern boundary for a period of about 30 years prior to the dispute involved in this suit. W. J. Stephens testified that about 1892 or 1893, he had a conversation with Henry Houseman, plaintiff's grantor; that at the time of the conversation Houseman was beginning to put up a barn and slaughter pen, so located that the eastern side of the barn and slaughter pen would be in line with the fence which plaintiff claims is the eastern boundary of lot 1; that in this conversation the witness Stephens informed Houseman that he was building the barn in the alleyway; and that Houseman replied, "Well, it didn't matter; everything is open here." Houseman denied having had such a conversation. Plaintiff acquired lot 1 by purchase from Houseman in 1916. The evidence further shows that, prior to 1923, when the dispute arose which resulted in this suit, no alley had been used or located on the ground through block 24. So far as is made to appear, defendants' lots were not fenced or otherwise improved prior to 1923.

The evidence on the part of the respondents further shows that, when some of the defendants began to improve their lots in 1923, they discussed the matter of the location of the alley; that the plaintiff and the defendants agreed that a survey should be made to determine its location. At the time this cause was tried the plaintiff had an old shed and chicken run on the property in dispute. The size or value of these improvements is not made to appear, although it may be inferred from the evidence that they are of very little value, and may be readily removed.

The trial court found that neither of the defendants nor their predecessors in interest consented to, or recognized, or acquiesced in, the erection or maintenance of the fence which plaintiff claims marks the eastern boundary of his property.

In connection with the evidence as to the erection and maintenance of the fence claimed by the plaintiff as marking the eastern boundary of lot 1, it should be noted that nowhere in plaintiff's pleadings does he allege facts which would entitle him to a decree quieting title in him to the alley. On the contrary, plaintiff alleges in his complaint that an alleyway running east of his property is appurtenant thereto, and runs north and south between plaintiff's lot and the lots owned by the defendants.

If we are correct in our conclusions as to the proper location of the alley, the same is, and at all times has been, within the inclosure claimed by the plaintiff as his property. Plaintiff offered no evidence tending to establish his right to the use of an alley other than the one shown on the plat of the Lakeview addition to Ogden City. No claim is made that the plaintiff ever used any alleyway to the east of, and adjoining, the property within his inclosure. It is, as contended on behalf of plaintiff, a well-established rule of law in this jurisdiction that a boundary line between abutting landowners may be established by a long period of acquies-

cence, but we are of the opinion that such rule has no application to the facts in this case. The lot of the plaintiff and those of the defendants do not abut, because concededly there is an alley between them. In the instant case the plaintiff has included within his fence the alley and a strip of land 6.4 feet wide beyond the alley. In such case we are of the opinion that the law requiring adverse possession including the payment of taxes applies, and not the law applicable to long-established boundary lines. No claim is here made that the plaintiff paid any taxes upon any land owned by the defendants nor upon the land within the alley. We are also of the opinion that the finding of the trial court that neither the defendants nor their predecessors in interest consented to, or recognized, or acquiesced in, the erection or maintenance of the fence in question is supported by the evidence. It therefore follows that plaintiff must fail in his contention that he has acquired title to the property in dispute by reason of the erection and maintenance of the fence along what he claims is the eastern boundary of his property.

Counsel for the respective parties argue at some length in their briefs the legal effect of the language used by A. B. Patton and wife when they dedicated and set appart the avenues, streets, and alleys as shown by the plat of the Lakeview addition to Ogden City. The language has heretofore been set out in this opinion. Plaintiff contends that the language used created a private right in, and not a public dedication of, the alley in question, and therefore ownership of the alley may be acquired by adverse possession. Counsel for defendants contend that the language used constitutes a dedication to the public and to Ogden City of the alley as well as the streets and avenues shown upon the plat of the Lakeview addition to Ogden City. In the view we have taken of this case, it is not necessary to determine this question. Ogden City may well have an interest in this phase of the case, as may also other property

owners abutting the alley who are not parties to this action. A determination of this question without having before us all of the parties in interest may well lead to confusion, and therefore we do not express an opinion as to whether the words used by A. B. Patton and his wife as contained upon the plat of the Lakeview addition to Ogden City do or do not constitute a dedication of the alley in question to the public. The public or private character of the alley is not involved in this proceeding, except as it may have had a bearing upon plaintiff's claim of adverse possession, and regardless of any right the public may or may not have in the alley, it is clear that the alley is appurtenant to the lots and fractions of lots abutting thereon.

From what has been said it follows that an alley 17.6 feet wide extends north and south through block 24 of the Lakeview addition to Ogden City, the east boundary of the alley being described as follows: Beginning at a point 33 feet north and 158.1 west of the center of the intersection of Grant avenue and Thirty-Seventh street in Ogden City, Utah, and running thence north to the county road, now commonly called the Salt Lake and Ogden highway and which line constitutes the west line of lots 6, 7, 8, and 9 in said block; that the west boundary line of the alley is a line parallel to, and 17.6 feet west of, the east boundary line above described, and the west line of the alley constitutes the east boundary line of lot 1 in said block. It is therefore ordered that this cause be remanded to the district court of Weber county, with directions to that court to amend the findings of fact, conclusions of law, and decree to conform to the description of the lots and alley as herein set out, and that such findings of fact, conclusions of law, and decree be further amended by striking therefrom that the alley was and is a public alley dedicated to the use of the public. As thus amended, it is ordered that the judgment and decree appealed from be affirmed. The plaintiff shall pay one-half of the total costs of this appeal, and the de-

fendants, George A. Lowe Company and George M. James, shall pay the other half of such costs.

THURMAN, C. J., and CHERRY, STRAUP, and GIDEON, JJ., concur.