LABUS ET, PLAINTIFFS, *v.* JONES ET, DEFENDANTS.

Common Pleas Court, Tuscarawas County.

No. 36458.   Decided December 12, 1963.

*Mr. C. P. Hoffman,* for plaintiffs.
*Messrs. Fitzpatrick & Zimmerman, Mr. Harlan R. Spies* and *Mr. Thomas P. Jones,* for all defendants except Clarence R. Geckler, who was unrepresented.

162

LAMNECK, J. The plaintiffs in this action, James J. and Mary J. Labus pray for a Declaratory Judgment in which they ask the court to locate the site and width of an alley between lots 242, 243, 244 and 245 to the west thereof and lots 230, 231, 232 and 233 to the east thereof in the Village of Mineral City, Ohio, and for an order of the court requiring the defendants, Gomer and Ruth Jones to remove a barricade which it is claimed they erected on the right of way of said alley preventing ingress and egress there-over by vehicular traffic.

Said lots are part of Davis' Fourth Addition to the Village of Mineral City, Ohio, which was received for record in the Recorder's Office of Tuscarawas County, Ohio, on January 2, 1890, as shown by Plat Book 18 at page 16 in said office.

According to the Plat, lots 161, 162 and 163 and 174 in said addition and now numbered lots 230, 231, 232 and 233 respectively are supposed to be 99 feet long and 49-½ feet wide.

Lots 173, 174, 175 and 176 in said addition are now numbered 242, 243, 244 and 245 respectively and according to said plat were intended to be 92 feet long and 49-½ feet wide, with the exception of lot 242 which is supposed to be 92 feet long on its north line and 95.75 feet on its south line.

The alleys and streets delineated on said Plat as stated on the explanation thereof, were "donated to public use." Clay street immediately to the east of lots 242, 243, 244 and 245 is shown to be 33 feet wide on said plat and Fair St. to the west of lots 230, 231, 232 and 233, according to the plat is 40 feet wide. Logan Street which is 49-½ feet wide abuts said lots on the north and an unnamed alley abuts said lots on the south. All alleys were intended to be 1 rod in width.

Numbering from south to north, the plaintiffs own lots 243, 244, and 245; the defendants, Gomer and Ruth Jones own lots 232 and 233; the defendants, Blaine and Barbara J. Handy own

lots 230 and 231 and the defendant, Clarence R. Geckler owns lot 242.

The defendants, Gomer and Ruth Jones have erected a line of stakes on what they claim is the east boundary line of lots 230, 231, 232 and 233. If lots 230, 231, 232 and 233 are 99 feet long then said stakes are on the east boundary lines of said lots, and would not constitute an obstruction.

The plaintiffs erected a dwelling on lot 244 in 1958 facing the alley in question, which lies to the west. The line of stakes which the Jones erected prevents or impairs vehicular ingress and egress to this dwelling.

The Pennsylvania Railroad right of way abuts Clay Street on the east side of said street. The total distance from the west line of the Pennsylvania Railroad Right of Way along the south line of Logan Street to the Northwest corner of lot number 233 owned by the defendants, Gomer and Ruth Jones, according to a preponderance of the evidence is actually 227.7 feet. The recorded Plat shows this distance to be 240.5 feet, a shortage of 12.8 feet.

The distance from the west line of the Pennsylvania Railroad Right of Way along the north line of lots 242 and 230 to the northwest corner of lot 230 is 232.2 feet, a shortage of 8.3 feet, or an average shortage of 10.55 feet.

The alley in question has not been legally vacated. There is evidence there has been vehicular traffic over some of the land to the west of the line of stakes erected by the Jones during the past 21 years.

The rule is that the boundaries fixed by a recorded plat of a subdivision govern where they are true and correct, but not as to valid claims of adverse possession. See *Brewster* v. *Bulaw*, 296 S. W., 372.

Where a surveyor makes a plat of certain land, and the dimensions or length of the lines that are laid down upon the plat conflict with proved or admitted facts they must give way to them. See *C. S. & C. R. R. Co.* v. *Tuttle*, 7 O. C. D., 63.

Subject to qualifications, the general rule is that where a tract of land is subdivided and is found to contain either more or less than the aggregate amount called for in the survey of tracts within it, the proper course is to apportion the excess or

164

deficiency among the several tracts. See 11 C. J. S. page 73, Section 124.

In 8 Amer. Jur., Page 796, Section 71, it is stated that "if after a tract of land has been subdivided into parts or lots, and title thereto has become vested in different persons, it is discovered that the original tract contained either more or less than the area assignd to it in a plan or prior deed, the excess should be divided among, or the deficiency borne by all of the smaller tracts or lots in proportion to their areas." See also *March v. Stephenson*, 7 Ohio St., 264.

In 7 Ohio Jurisprudence (2d), Page 615, Sec. 10, it is stated that "if there is a shortage on the plat, the rule is well settled in this state that it will be divided as nearly as possible pro-rata between the parties." See also *Cincinnati, S & C R R Co. v. Tuttle*, 18 O. C. C., 630, 7 O. C. D., 63.

In *Wilson Bros., Inc. v. Kalm et*, 314 Ill., 275, 145 N. E., 340, it is stated in the second proposition of the syllabus that "in absence of any agreement or question of title by adverse possession, where a block has been platted into lots, and lots sold, shortage in block will be pro rated among the several lots."

Although it is the general rule that where land is subdivided by a plat, the shortage shall be apportioned among all of the lots, such apportionment will only be made in the absence of facts showing that equity does not require the application of a different rule. See *Sellers v. Reed*, 46 Tex., 377.

It would be impractical, if not impossible to take all of the land included in said Davis Fourth Addition to said Village of Mineral City, Ohio, and pro-rate this alleged deficiency among all of the lots contained therein. To do so would affect the location of all existing streets and alleys in the said addition.

In *Hillside Cotton Mills v. Bartley et al.*, 156 Ga., 271, 119 S. E., 404, the court held that "where there is a shortage in the actual land subdivided and platted into lots and blocks with intervening streets, each block should, if possible, be treated as distinct, and the shortage therein should be distributed among the lot owners, except so far as possession has fixed the limits."

This court is of the opinion that this is a proper rule to apply in the instant case under the evidence adduced.

For the purposes of this case, the court will treat the lots herein before enumerated that are bounded by an unnamed alley

on the south, by Logan St. on the north, by Fair St. on the west and by Clay St. on the east as a single block.

The recorded plat of said Davis' Fourth Addition to said Village of Mineral City, Ohio, shows that an alley 16-½ feet wide, between lots 230, 231, 232 and 233, and lots 242, 243, 244 and 245 was donated to the village by the acceptance of said Plat. Lots 230, 231, 232 and 233 were intended to be 99 feet long, and lots 242, 243, 244 and 245 are shown to be 92 feet long with the exception of lot 242 which was intended to be 92 feet long on its north line and 95.75 feet long on its south line. To recognize the length of these lots as shown by the plat as actual would leave a space varying from 3.7 feet on the north to 8.2 feet on the south for the alley.

The alley not having been vacated, and having been donated to the village for public use by the proprietor before any lots were sold, the court must fix its width as 16-½ feet. Any shortage must be apportioned as nearly as possible and practical pro rata among the lots in question.

There are sixteen other lots abutting said alley whose owners have not been made parties to this action. The court cannot make a final order as to the exact location of said alley binding all parties who are the owners of lots abutting on said alley until all of the abutting property owners who would be affected by a court order fixing the location of said alley are made parties to a proper proceeding to determine such location.

As between the parties to this action and until a court of competent jurisdiction should otherwise decree in an action to determine the exact location of said alley in which all owners of lots abutting said alley are made parties, the court orders that the dimensions of lots 230, 231, 232 and 233 be fixed as being 93.5 feet long by 49-½ feet wide extending east from Fair St.; that the west line of the alley in question be fixed as being 93.5 feet from the east line of Fair St., and extending east a distance of 16-½ feet and that lots 242, 243, 244 and 245 all be found to extend east from the east line of said alley as fixed herein to the west line of Clay St.

Judgment accordingly.

Exceptions noted.